GEORGE A. MAKSAIL, ESQ. County Attorney, Schenectady County
This is in response to your letter to our office wherein you request our opinion as to whether or not a County Constable may be authorized to serve summons and warrants of arrest upon respondents charged with non-support in the Family Court.
County Law, § 400(4) (a) provides in part, as follows:
 "The board of supervisors may by local law provide for the appointment of additional county officers, define their powers and duties not inconsistent with law, and fix their term of office."
Criminal Procedure Law, § 1.20(33) (q) includes a County Constable within the definition of a peace officer, but not a police officer (CPL1.20[341]).
Family Court Act, § 428 provides the proper procedure for the court to follow in issuing a warrant of arrest for non-support pursuant to Article 4 therein.
Section 428(b) of the Family Court Act, provides as follows:
 "The petitioner may not serve a warrant upon the respondent, unless the court itself grants such permission upon the application of the petitioner. The clerk of the court may issue to the petitioner or to the respresentative of an incorporated charitable or philanthropic society having a legitimate interest in the family a certificate stating that a warrant for the respondent has been issued by the court. The presentation of such certificate by said petitioner or representative to any peace officer authorizes him to arrest the respondent and take him to court."
Since a County Constable is a peace officer, it would appear that upon presentation of said certificate, the County Constable could arrest the respondent. However, there is no authority of law for the County Constable to directly serve a warrant of arrest upon a respondent. CPL 120.10 provides that only a police officer may serve a warrant of arrest. Family Court Act, § 153-a, in dealing with a warrant of arrest in the Family Court Act speaks only of a police officer as the proper person to serve the warrant therein.
Family Court Act, § 426 provides for the issuance of a summons and petition and section 427 therein deals with service of the summons and petition upon a respondent for non-support. Section 427 does not indicate who may properly serve the summons. We held in 1972 Atty Gen [Inf Opns] 108 and 1977 Atty Gen [Inf Opns] June 17, that neither a town dog warden nor a town building inspector, respectively, may serve a summons in a criminal proceeding. The basis for the holdings was that only a police officer was specifically authorized to issue a criminal summons pursuant to CPL 130.40(1).
However, the summons pursuant to Family Court Act, §§ 426 and 427 does not appear to be criminal in nature, but is an order to show cause as to why the relief requested in the petition should not be granted. A criminal summons is defined in CPL 130.10 and is a process issued by the local court that has an underlying criminal accusatory instrument as the basis for such summons. The summons herein does not appear to accuse the respondent of a criminal offense, or have as its basis an underlying criminal accusatory instrument.
Since the summons of sections 426 and 427 is not a criminal summons, it could be served as any other summons pursuant to the CPLR. CPLR2103(a) provides as follows:
 "Who can serve. Except where otherwise prescribed by law or order of court, papers may be served by any person not a party of the age of eighteen years or over."
It would therefore appear that the County Board of Supervisors could enact a local law to provide for the service of the summons and petition herein by the County Constable.
Accordingly, we conclude that a County Board of Supervisors may enact a local law to provide that a County Constable may serve a summons and petition upon a respondent for non-support pursuant to Family Court Act, §§ 426 and 427, but the County Constable is not authorized to serve a warrant of arrest upon the respondent.